## Edwards v. Grumman Allied Industries Inc.

*William Carlucci,* for plaintiff.

*Brett O. Feese,* for defendant David M. Miele Inc.

RAUP, *P.J.,* June 7, 1988 — Defendant David M. Miele Inc. has filed the following discovery motions: a motion for contempt and/or sanctions for violation of this court's November 24, 1987 order; a motion to compel disclosure of White Deer Run Treatment Center records; and a motion to compel an answer to the second request for production of documents addressed to plaintiff. The motions arise out of plaintiff's wrongful death action against defendants Miele, Grumman Allied Industries Inc., and Tiffany's Parlor for the wrongful death of plaintiff's son Rodney E. Edwards.

Events leading up to Edwards' death are pleaded as follows. On April 8, 1986, Edwards attended a company party hosted by and held on the premises

of Grumman. Grumman had contracted with Miele and Tiffany's to cater the party. Pursuant to the contract, Grumman paid for all food and alcoholic beverages provided by the two caterers, and there was no charge to employees. While at the party, Edwards, who was 20 years of age, consumed alcoholic beverages. According to plaintiffs' complaint, Edwards was served alcohol at a time when he was visibly intoxicated.

Approximately one hour after leaving the party, Edwards was involved in an automobile accident and sustained fatal injuries.

Plaintiffs, Edwards' parents, filed a complaint seeking to recover damages arising from Edwards' death. All three defendants filed preliminary objections to the complaint, which objections were resolved by court order of January 21, 1988. The parties are in the midst of discovery, and defendant Miele has filed the motions which are the subject of this opinion.

On August 12, 1987, Miele filed its first request for production of documents directed to plaintiffs. Those requests included copies of statements, memoranda, or recordings of conversations with witnesses or parties; notes of interviews or tape recordings or interviews made by plaintiffs' private investigator; and any other documents submitted to plaintiffs by the investigator. All three requests were objected to as being beyond the scope of discovery allowable under Pennsylvania Rule of Civil Procedure 4003.4. The court issued an order dated November 24, 1987 directing plaintiffs to respond to the above-mentioned requests.

By letter dated January 12, 1988, plaintiffs' counsel informed Miele that he did not have the investigator's notes and had therefore complied with

Miele's request. Thereafter, Miele filed a motion for contempt for violation of the court order of November 24, 1987.

Plaintiffs argue that the investigator's notes are not discoverable under Pa.R.C.P. 4003.4 because none of the witnesses have signed statements adopting those notes. It is clear, however, that the notes are discoverable under Pa.R.C.P. 4003.3 which specifically provides for discovery of "any matter discoverable under rule 4003.1 even though prepared in anticipation of litigation for trial by or for another party." Further, the explanatory note (1978) to the rule states:

"Under the rule, a lawyer's notes or memoranda or an oral interview of a witness, who signs no written statement, are protected but *the same notes or memoranda made by an . . . investigator will not be protected.*"

Based on the language of rule 4003.3 we find that plaintiffs were in contempt as of January 12, 1988 when counsel stated that he had complied with Miele's request, and an order imposing appropriate sanctions will be entered.

Also heard at oral argument were Miele's second request for production of documents addressed to plaintiff, and a motion to compel production of records of the White Deer Treatment Center. These two motions involve the same issue, and will be discussed together.

On December 11, 1987, Miele filed a motion to compel disclosure of White Deer Run Treatment Center records. Counsel for White Deer Run refused to produce the records, but later advised Miele's attorney that the records would be produced if plaintiffs would consent. White Deer Run's attor-

ney further advised Miele that documents of the White Deer Run Treatment Center were within plaintiffs' control.

Miele then filed his second request for production of documents addressed to plaintiffs. Plaintiffs did not object to the requests, but stated they did not recognize any obligation to produce the records.

It is Miele's contention that the treatment records are relevant and therefore discoverable because at the time of his death, decedent's blood alcohol content was 0.17 percent and traces of THC, the active ingredient in marijuana, were present. The asserted relevancy is that the records would show decedent's work and life habits and life expectancy.

Miele asserts that the records are discoverable pursuant to the provisions of the Pennsylvania Drug and Alcohol Abuse Control Act, 71 P.S. §1690.101 et seq. Section 1690.108 governs confidentiality of records. That section in its entirety reads:

"§1690.108. Confidentiality of records—

"(a) A complete medical, social, occupational, and family history shall be obtained as part of the diagnosis, classification and treatment of a patient pursuant to this act. Copies of all pertinent records from other agencies, practitioners, institutions, and medical facilities shall be obtained in order to develop a complete and permanent confidential personal history for purposes of the patient's treatment.

"(b) All patient records (including all records relating to any commitment proceeding) prepared or obtained pursuant to this act, and all information contained therein, shall remain confidential, and may be disclosed only with the patient's consent and only (i) to medical personnel exclusively for purposes of diagnosis and treatment of a patient or (ii) to government or other officials exclusively for the purpose of obtaining benefits due to patient as a

result of his drug or alcohol abuse or drug or alcohol dependence except that in emergency medical situations where the patient's life is in immediate jeopardy, patient records may be released without the patient's consent to proper medical authorities solely for the purpose of providing medical treatment to the patient. Disclosure may be made for purposes unrelated to such treatment or benefits only upon an order of a court of common pleas after application showing good cause therefore. In determining whether there is good cause for disclosure, the court shall weigh the need for the information sought to be disclosed against the possible harm of disclosure to the person to whom such information pertains, the physician-patient relationship, and to the treatment services, and may condition disclosure of the information upon any appropriate safeguards. No such records or information may be used to initiate or substantiate criminal charges against a patient under any circumstances.

"(c) All patient records and all information contained therein relating to drug or alcohol abuse or drug or alcohol dependence prepared or obtained by a private practitioner, hospital, clinic, drug rehabilitation or drug treatment center shall remain confidential and may be disclosed only with the patient's consent and only (i) to medical personnel exclusively for purposes of diagnosis and treatment of the patient or (ii) to government or other officials exclusively for purposes of obtaining benefits due to patient as a result of his drug or alcohol abuse or drug or alcohol dependence except that in emergency medical situations where the patient's life is in immediate jeopardy, patient records may be released without the patient's consent to proper medical authorities solely for the purpose of providing medical treatment to the patient."

It is Miele's contention that subsection (b) is applicable and that good cause to obtain the records has been shown. With respect to the balancing test enumerated in subsection 1690.108(b), his argument is as follows: It is impossible to defame one who is deceased; therefore, disclosure would not harm Rodney Edwards' reputation in any way. Further, in plaintiff's consent to disclosure of the records, they waive the physician/patient privilege. Such waivers, which are common, would eliminate any harm to this relationship. Additionally, there would be no harm to the treatment center's interests if plaintiffs waive the physician/patient privilege, given the fact that the treatment center stands in a simliar position to a treating physician.

Plaintiffs contend that disclosure of the records is precluded by section 1690.108(c) because Miele's purpose in obtaining the records is for neither statistical purposes nor medical treatment.

To determine which subsection of the statute controls, it is necessary to examine closely the requirements of each. While both subsections have similar provisions for disclosure related to treatment, benefits or emergency, subsection (b) is broader in scope because of the good cause provision. Subsection (c), however, specifically applies to the records of a drug treatment center and limits disclosure of those records for purposes of diagnosis, treatment or certain emergencies. We are concerned here with records of a drug or alcohol treatment center, and therefore subsection (c) is applicable. Because subsection (c) is silent with respect to the issue of disclosure for good cause, we find that such a provision was intentionally omitted, and disclosure of the White Deer Run records is privileged unless intended for purposes stated in

subsection (c). Therefore, we must deny Miele's motion to compel disclosure.

## ORDER

And now, June 7, 1988, for the reasons set forth in the foregoing opinion, it is hereby ordered and directed that plaintiffs are in contempt of this court's order of November 24, 1987. Plaintiffs are ordered and directed to pay any counsel fees incurred by defendant Miele as a result of plaintiffs' refusal to comply with our order. An affidavit setting forth such fees shall be submitted to the court for approval within 30 days.

It is further ordered and directed that defendant's second request for production of documents addressed to plaintiffs is denied, and plaintiffs need not produce any records of the White Deer Run Treatment Center which are in their possession or control.

Defendant Miele's motion to compel production of the records of White Deer Run Treatment Center is denied.